O

# United States District Court
# Central District of California

| | |
|---|---|
| BFS Group, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>ARC.CITY, INC.,<br><br>        Defendant. | Case No. 2:22-cv-03779-ODW (AJRx)<br><br>**ORDER DENYING MOTION FOR ATTORNEYS' FEES, NONTAXABLE COSTS, AND SANCTIONS WITHOUT PREJUDICE [99]** |

Following the Court's entry of partial judgment, ordering final judgment in favor of Plaintiff BFS Group, LLC and against Defendant Arc.City, Inc., (ECF No. 97), BFS moved for attorneys' fees, nontaxable costs, and sanctions ("Motion"), (Mot., ECF No. 99). Before any further briefing on the Motion, Arc.City appealed the judgment to the Ninth Circuit. (Notice Appeal, ECF No. 103.)

When an appeal on the merits is filed, a district court has discretion to rule on a claim for fees, defer its ruling on the motion, or deny the motion without prejudice and direct a new filing period for filing after the claim has been resolved. Fed. R. Civ. P. 54(d)(2), Advisory Committee Notes (1993 Amendment); *Dufour v. Allen*, No. 2:14-cv-05616 CAS (SSx), 2015 WL 12819170, at *2 (C.D. Cal. Jan. 26, 2015) ("[A] district court has the discretion to defer consideration of an attorneys' fee motion until resolution of the underlying case's appeal."). "Particularly if the claim

for fees involves substantial issues or is likely to be affected by the appellate decision, the district court may prefer to defer consideration of the claim for fees until after the appeal is resolved." Fed. R. Civ. P. 58, Advisory Committee Notes (1993 Amendment). "District courts have exercised their discretion to defer ruling on a motion for attorneys' fees, or to deny the motion without prejudice to being renewed following disposition of the appeal." *Pacing Techs., LLC v. Garmin Int'l, Inc.*, No. 12-cv-01067-BEN (JLB), 2014 WL 2872219, at *2 (S.D. Cal. June 24, 2014).

In light of the foregoing, the Court **DENIES WITHOUT PREJUDICE** BFS's Motion. (ECF No. 99.) The hearing on July 1, 2024, is **VACATED**. BFS may renew its Motion **within 30 days of the entry of the Ninth Circuit's Mandate on the pending appeal**.

**IT IS SO ORDERED.**

May 30, 2024

_____
OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE

2